# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEROY COLLINS,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-00011-JCM-NJK

**ORDER**

    Petitioner has paid the filing fee. Currently before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to file excess pages (#2). The motion actually is a copy of the petition. Nonetheless, the court grants the motion. The court also has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground. The court then will serve the petition upon respondents for an answer or other response.

    In 1989 and 1990, the Eighth Judicial District Court of the State of Nevada entered two separate judgments of conviction in the same case, C82510. Petitioner does not challenge the validity of these judgments. Instead, he challenges the manner in which he is serving the sentences imposed by the judgments.. In the 1989 judgment, petitioner was sentenced on five counts: (1) ten years; (2) fifteen years plus a consecutive fifteen years for the use of a deadly weapon, consecutive to count 1; (3) life imprisonment plus a consecutive life imprisonment for the use of a deadly weapon, consecutive to count 2; (4) life imprisonment plus a consecutive life imprisonment for the use of a deadly weapon, consecutive to count 3; (5) life imprisonment plus a consecutive life

imprisonment for the use of a deadly weapon, consecutive to count 4.  Based upon the allegations in the petition, all the life sentences are eligible for parole.  The 1989 judgment was to run consecutive to the sentences imposed in case C36811.  In the 1990 judgment, petitioner was sentenced on two counts:  (1) ten years; (2) ten years, concurrent with count 1.  The 1990 judgment was to run concurrently with the sentences imposed in the 1989 judgment.

In grounds 1 and 2, petitioner alleges that he was paroled from his last sentence in case C36811 on July 18, 2000.  He further alleges that the Nevada Department of Corrections then started to run petitioner's life sentence imposed in count 3 of the 1989 judgment, instead of the ten-year sentence imposed in count 1 of the 1989 judgment.  Consequently, he claims that his parole hearings all have been delayed.  Respondents will need to respond to these grounds.

Ground 3 concerns petitioner's habeas corpus proceedings in state court.  Petitioner alleges that he filed a habeas corpus petition with the state court.  That court denied the petition.  Petitioner appealed.  The Nevada Supreme Court reversed and remanded for the state district court to hold an evidentiary hearing.  The state district court denied the petition again without holding an evidentiary hearing.  Petitioner appealed.  The Nevada Supreme Court affirmed.  Ground 3 contains only claims of error in the state post-conviction proceedings.  "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  Ground 3 is without merit on its face, and the court dismisses it.

IT IS THEREFORE ORDERED that petitioner's motion for leave to file excess pages (#2) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED:   May 7, 2013.

_____
JAMES C. MAHAN
United States District Judge