UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leroy Collins,<br><br>   Petitioner,<br><br>vs.<br><br>Dwight Neven, et al.,<br><br>   Respondents. | Case No. 2:13-cv-00011-JAD-NJK<br><br>**Order Denying Petition<br>for Writ of Mandamus and Closing Case**<br><br>[ECF 5] |

Nevada state prison inmate Leroy Collins claims that the Nevada Department of Corrections mis-structured his sentence, as ordered by Nevada's Eighth Judicial District Court, delaying his parole in violation of his due-process rights.[1]  The state district court denied Collins's habeas petition and the Nevada Supreme Court affirmed, reasoning that the Department's error benefitted Collins by shortening his sentence.  I agree with the Nevada Supreme Court.  Collins has not shown a constitutional violation because the Department's error shortened his sentence and Collins has no protected liberty interest in parole under Nevada's parole scheme.  Accordingly, I deny Collins's petition.

**Background**

In 1987, Collins was paroled from a prison sentence imposed for a 1977 conviction in Nevada's Eighth Judicial District Court.[2]  In February 1988, Collins was charged with 13 new counts in that same court.[3]  The state district court dismissed counts 5, 10, 11, and 12 and severed the remaining counts into three separate trials:  (1) counts 1 and 2 (robbery); (2) counts 3 and 4 (burglary, attempted robbery); and (3) counts 6 (burglary), 7 (robbery with use of a deadly weapon) 8, 9, and 13 (sexual assault with use of a deadly weapon).

---

[1] ECF 5.

[2] Case C36811.

[3] ECF 11-8 at 2–3.  Case C82510.

The trial on counts 6, 7, 8, 9, and 13 occurred first. Before the trial, the information was amended to renumber these counts as 1, 2, 3, 4, and 5. The jury convicted Collins on all five counts. The state district court, Judge Brennan, entered the first judgment of conviction for the 1988 case and sentenced Collins on the renumbered counts as follows:

1. 10 years for burglary;
2. 15 years for robbery, plus
   15 years consecutive for use of a deadly weapon, consecutive to count 1;
3. Life with the possibility of parole for sexual assault, plus
   Life with the possibility of parole for use of a deadly weapon, consecutive to count 2;
4. Life with the possibility of parole for sexual assault, plus
   Life with the possibility of parole for use of a deadly weapon, consecutive to count 3;
5. Life with the possibility of parole for sexual assault, plus
   Life with the possibility of parole for use of a deadly weapon, consecutive to count 4.

These sentences ran consecutive to the sentence for the 1977 case, for which parole had been revoked.[4] Collins would be eligible for parole after serving a minimum of 5 years on each life sentence.[5]

After that trial, Collins pleaded no contest to counts 1 and 2 (both robbery) of the *original* information, and the prosecution agreed to dismiss counts 3 and 4.[6] The state district court, now Judge Bonaventure, entered its second judgment of conviction for the 1988 case on September 27, 1990, and sentenced Collins to 10 years for each count, to be served concurrently. The judgment stated: "Sentence to run concurrent to sentence previously imposed in this case on the remaining counts."[7]

---

[4] ECF 11-1.

[5] ECF 11-8 at 4 n. 2.

[6] The prosecution also agreed to dismiss two other criminal cases that are immaterial to the current habeas-corpus petition.

[7] ECF 11-2.

Collins continued to serve his sentence on the 1977 case until July 18, 2000, when he was paroled from that sentence. The sentence for the 1988 case then began.[8]

The following is the sentence structure that should have been imposed in the 1988 case, with "cc" meaning concurrent and with "CS" meaning that the succeeding sentence is served consecutively to the preceding sentence:

10 years for burglary (cc 10 years for robbery) (cc 10 years for robbery);
    CS
15 years for robbery;
    CS
15 years for use of a deadly weapon (robbery);
    CS
Life with the possibility of parole for sexual assault;
    CS
Life with the possibility of parole for use of a deadly weapon (sexual assault);
    CS
Life with the possibility of parole for sexual assault;
    CS
Life with the possibility of parole for use of a deadly weapon (sexual assault);
    CS
Life with the possibility of parole for sexual assault;
    CS
Life with the possibility of parole for use of a deadly weapon (sexual assault).[9]

But the Nevada Department of Corrections misinterpreted the second judgment of conviction as an amended judgment of conviction, perhaps because, with the re-numbering of

---

[8] ECF 5 at 3(A).

[9] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=16839; *see Collins v. Warden*, No. 49069 (Nev. May 8, 2008).

counts, two counts 1 and 2 now existed. The Department apparently thought that the sentences for counts 1 and 2 of the second judgment of conviction replaced the sentences for counts 1 and 2 of the first judgment of conviction, so Collins's sentence structure became:

>Life with the possibility of parole for sexual assault (cc 10 years for robbery) (cc 10 years for robbery);
>
>>CS
>
>Life with the possibility of parole for use of a deadly weapon (sexual assault);
>
>>CS
>
>Life with the possibility of parole for sexual assault;
>
>>CS
>
>Life with the possibility of parole for use of a deadly weapon (sexual assault);
>
>>CS
>
>Life with the possibility of parole for sexual assault;
>
>>CS
>
>Life with the possibility of parole for use of a deadly weapon (sexual assault).

Collins filed a state habeas petition; the state district court denied the petition. Collins appealed, and the Nevada Supreme Court remanded for an evidentiary hearing to determine what had happened to Collins's sentence structure. After a series of hearings (but not an evidentiary hearing), the state district court again denied Collins's petition and Collins again appealed. In a written order, the Nevada Supreme Court affirmed the second denial of Collins's habeas petition and explained the beneficial effect of the Department's mistake on Collins's sentence:

>This confusion has caused the Department to eliminate Counts 1 and 2 from the February 21, 1989, judgment of conviction from the sentence structure. This error is to appellant's benefit as it has eliminated 40 years from his sentence structure. Correcting the error made by the Department at this late date will cause significant detriment to appellant. Under the unique circumstances in this case . . . we decline to disturb the district court's determination to deny the relief sought in the petition. Appellant has not demonstrated that he is entitled to any relief based on the sentence structure calculated by the Department.[10]

---

[10] ECF 11-6 at 5–6.

The court also noted:

> Correcting this error would require the Department to recalculate [Collins's] sentence structure beginning with the omitted counts (Counts 1 and 2 from the 1989 judgment of conviction). Because retroactive parole dates are not authorized, appellant would have to expire each of these terms, minus any credits earned during these periods. It is possible that appellant would only be beginning his first life term if the sentences are restructured as imposed in the judgments of conviction.[11]

The Nevada Supreme Court issued this decision on June 14, 2012, almost twelve years after Collins started serving time for the 1988 case. On January 3, 2013, Collins filed the instant petition.

## Discussion

Collins takes issue with the Nevada Supreme Court's statement that the Department's error is favorable to him because it has eliminated 40 years from his sentence structure, arguing that he would not have actually served 40 years.[12] Those 40 years were the result of three separate prison terms, each of which was eligible for parole. The governing statute provides that a prisoner "may be paroled" when he has served "one-third of the definite period of time" of his sentence, "less any credits earned to reduce his [ ] sentence."[13] Thus, Collins's argument appears to be that the Department's error eliminated thirteen or so years from his sentence (less any good behavior credits)—not 40.

Collins might be correct, but I cannot speculate on whether he would have earned all the credits for which he was eligible, whether he would have forfeited some or all of those credits for prison disciplinary violations, or whether the parole board would have granted him parole at the earliest possible date for each of those three prison terms.

---

[11] *Id.* at 6, n. 4.

[12] ECF 16 at 18. Collins also argues that the state court's denial of an evidentiary hearing on his habeas petition was constitutional error, ECF 16 at 20–21, but this court dismissed that claim in a May 7, 2013, order because errors in state post-conviction proceedings are not addressable in federal habeas actions. ECF 6; *see Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). I decline to revisit the issue here and consider only Collins's claim that the Department of Corrections' sentencing error delayed his parole hearings in violation of due process.

[13] NEV. REV. STAT. § 213.120(1).

Nevertheless, this is not a matter on which I could grant Collins any relief. Even accepting Collins's best-case scenario, he still would have spent several years in prison on those three terms-of-years sentences. Because of the Department's error, he started serving his life sentences for the 1988 case immediately upon parole from the 1977 case, rather than having to serve his term-of-years sentences first, and he will never serve those consecutive terms-of-years sentences. The Department has (unintentionally) given Collins a benefit far greater than anything that I can order by knocking at least a decade off of his sentence.

Collins claims that he is not earning credits toward an earlier expiration of his sentences and an earlier eligibility for parole, and thus he is going to parole hearings later than he otherwise would have without the error in his sentence structure. However, those earlier parole hearings would have been for consecutive sentences that he is not serving and will never serve because of the error in the sentence structure. The only way that Collins's argument could benefit him is if he is asking that he go to parole hearings for his life sentences at the times that he would have gone to the hearings for his terms-of-years sentences. That would give Collins an extra, unjustified, and illegal benefit beyond what he already is enjoying.

In his reply, Collins changes his claim subtly. He admits that he does not want the intended sentence structure restored. He argues that the erroneous sentence structure is itself unconstitutional. His sentence for the 1988 case has started with two terms of 10 years, both for robbery, and one term of life imprisonment with the possibility of parole, for sexual assault. Under NRS 213.120(1), Collins would have become eligible for parole on the two 10-year terms after he served one-third of the time, less any credits earned for earlier release, or no later than 3 years, 4 months. But the one-third rule does not apply to the life sentence for sexual assault, because the statute governing sexual assault in effect at the time, NRS 200.366 (1977), specified a mandatory minimum of 5 years before parole eligibility, and NRS 213.120(1) contains a limitation on the one-third rule for statutes that specify a mandatory minimum term:

> If a prisoner is sentenced pursuant to NRS 176.035 to serve two or more concurrent sentences, whether or not the sentences are identical in length or other characteristics, eligibility for parole from any of the concurrent

sentences must be based on the sentence which requires the *longest* period before the prisoner is eligible for parole.[14]

This section eliminates the need to hold parole hearings that would have no effect on the actual time that a petitioner spends in prison. Because Collins is serving his two 10-year terms concurrently with a life term for sexual assault, he did not become eligible for parole on his first life sentence and the two 10-year terms until after he served five years.

Collins argues that this structure violates due process and harms him because, under NRS 213.1213(1) he never was able to earn statutory credits for the two 10-year concurrent sentences. Statutory credits do not apply to a life sentence.[15] Collins does not argue that the credits earned on the 10-year concurrent sentences would have led to an earlier release from prison. Those sentences have expired, and Collins was paroled from his first life sentence after 11 years. Collins argues that if he had earned those credits, a record of good behavior would have been available for the parole board to review, and the parole board would have granted him parole from his first life sentence in less than 11 years.[16]

Collins's argument has no basis in law. Nevada's parole scheme does not create a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment.[17] I cannot grant Collins relief on his claim that his parole was delayed due to the parole board's discretion.

Collins's argument is also factually inaccurate. Although Collins cannot earn credits under NRS 209.446 to be applied to his life sentences, the Department still should be recording those credits in case Collins's sentence is later modified.[18] The Department appears to be tracking

---

[14] NEV. REV. STAT. § 213.1213(1) (emphasis added).

[15] *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995); *see also* NEV. REV. STAT. § 209.446.

[16] ECF 16 at 16–17. Petitioner argues that he becomes eligible for parole on each life sentence after 3 years, 3 months. He does not explain how he arrives at that calculation. As noted above, state law appears to mandate that petitioner spend a minimum of 5 years in prison on each life sentence before becoming eligible for parole.

[17] *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010).

[18] *Hunt*, 903 P.2d 827.

Collins's credits. The briefs on appeal from the denial of the state habeas-corpus petition both note that respondents' counsel gave Collins and the state court an audit of Collins's sentence credits.[19] For this case, it does not matter whether the audit is correct, because the credits do not apply to life sentences. What matters is that a record of Collins's sentence credits exists and that the record was available to the parole board. In short, and contrary to Collins's argument, the parole board actually had his prison behavioral history when deciding when to parole him from his first life sentence. Thus, even if petitioner had a constitutionally protected liberty interest in parole, he still is not entitled to any relief.

Collins also argues in the reply that he should have stopped serving his sentence for the 1977 case long before he actually did.[20] This is a wholly new claim for relief that appears nowhere in the petition. I decline to consider a new claim that petitioner raises for the first time in a reply brief.[21]

Reasonable jurists would not find the court's conclusions to be debatable or wrong, thus, I decline to issue a certificate of appealability for grounds 1 and 2. Attached to the reply are a motion for appointment of counsel and a motion for evidentiary hearing. Because I deny Collins's petition, both of these motions are denied as moot.

**Conclusion**

The Clerk of Court is directed to file the motion for appointment of counsel and the motion for evidentiary hearing, which are attached to the reply **[ECF 16]**;

IT IS HEREBY ORDERED that the motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that the motion for evidentiary hearing is **DENIED**;

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus **[ECF 5]** is **DENIED**. The Clerk of Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

---

[19] ECF 11-5 at 13–14, 11-6 at 5.

[20] ECF 16 at 14–15.

[21] *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: January 7, 2016.

_____
JENNIFER A. DORSEY
United States District Judge